IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. Nos. 11-97-SLR & 12-52-SLR |
| | ) |
| JAIME LYNN SNYDER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

At Wilmington this 29th day of April, 2014, having reviewed defendant's motions to amend her monthly restitution payments during her period of incarceration and the papers submitted in connection therewith; the court resolves the motions consistent with the following reasoning:

1. **Background.** Defendant pled guilty to one count of copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1), and she pled guilty to one count of identity theft in violation of 18 U.S.C. §§ 1028(a)(7) and (b)(1)(D) in a consolidated, but unrelated case. (D.I. 35)[1] The court sentenced defendant to forty-six months imprisonment on both counts to be served concurrently, followed by a consecutive sentence of twelve months imprisonment pursuant to 18 U.S.C. § 3147. A three-year term of supervised release was imposed on each count, to be served

---

[1] All docket citations, unless otherwise noted, shall reference the filings made in *United States v. Snyder*, 11-97-SLR.

concurrently. The court ordered defendant to pay restitution in the amount of $1,013,546.69 and to forfeit $6,731.81 and specific property.[2]

2. In July 2013, defendant was transferred from "Danbury Camp," a federal correctional institution in Danbury, Connecticut, to FPC Alderson, a federal prison camp located in Alderson, West Virginia. (D.I. 43 at 2) FPC Alderson is within the jurisdiction of the United States Court of Appeals for the Fourth Circuit.

3. On November 1, 2013, defendant filed a letter motion requesting an amendment of her monthly restitution payments during her period of incarceration. (D.I. 43) Specifically, she averred:

> When I transferred to Alderson, my new case manager decided that my payments are not to be deferred and they were calculated at a few hundred dollars each month! I made only $5.25 my first month here, and $18.25 my second month, but so far I have paid about $500 in FRP[3] payments which has left my family to pay the difference. They have been taking ½ of all money I receive and so my family has been sending double to make up for the loss. This is now punishing the wrong person(s), and feel is grossly unjust. . . .
> The penalties for me not meeting my FRP obligations, among many others, are losing my programing. . . .

(D.I. 43 at 2) Defendant requests that the court order a specific amount due each month.

---

[2]Defendant appealed her judgment on February 6, 2013. (D.I. 36) On January 6, 2014, the United States Court of Appeals for the Third Circuit issued a decision affirming the judgment. (D.I. 47)

[3]"FRP" are payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program.

2

4. On January 29, 2014, plaintiff submitted a supplemental response[4] to defendant's motion to amend her judgment. (D.I. 48) After filing its initial response, plaintiff spoke to and received documentation from defendant's Bureau of Prisons ("BOP") counselor indicating that defendant's restitution payments are calculated pursuant to BOP Guidelines ("Guidelines"). (Id. at Ex.1) The counselor explained that, when there are no special instructions in an inmate's judgment and commitment order with respect to restitution payments, the BOP analyzes the account balance/activity and allots $450 every six months from outside resources and institution pay. After the $450 deduction, the inmate is expected to make monthly payments pursuant to a BOP formula set forth in the Guidelines. (Id.)

5. Defendant's commissary account records reflect that, for the six-month period beginning in February 2013, there was $2,821.53 deposited into her account. (Id. at Ex. 2) During that same period, defendant paid only $25 in FRP payments.

6. In August 2013, defendant's account activity was examined. (Id.) The BOP deducted the $450 allocation from her balance and her monthly FRP payment was calculated at $313, through January 2014. (Id.)

7. Records further reveal that defendant's FRP was scheduled to increase in February 2014 to $361 per month because deposits into defendant's commissary account (during the six-month period to January 31, 2014) totaled $4,004.56. (Id. at Ex.3) Defendant's FRP payments through January 2014 total $844.91. BOP records

---

[4]Initially, plaintiff did not oppose defendant's motion, acknowledging, however, that its response was made having "no interaction with, or understanding of, the policies and procedures of the Bureau of Prisons as to the payments of restitution during a sentence of incarceration." (D.I. 45 at 1-2)

reflect that defendant has made numerous transactions, including purchases at the commissary and payment for phone calls. (*Id.* at 6-10)

      8. In response, defendant contends that the restitution order is unlawful because the BOP determines the restitution payment schedule rather than the court. *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). In response to the *Ward* decision, defendant indicates the BOP changed its procedures for calculating payment schedules for inmates housed at BOP facilities located within the Ninth Circuit. Defendant requests that the court follow the *Ward* decision and set her restitution amount at $50 a month. (D.I. 52 at Ex. A) Moreover, defendant avers that her family and friends deposit money into her commissary account so that she can stay in touch with her children and continue her efforts at rehabilitation. She uses the money for necessary expenses, including phone calls, email, stamps, commissary purchases, doctor co-payments and medicine.

      9. Having had the benefit of presiding over her plea and sentencing hearings, the court recalls the circumstances of defendant's criminal conduct, as well as her family background, which includes children and a grandchild. While the court recognizes defendant's efforts to maintain ties with her family, it is because of her own criminal conduct that she owes over one million dollars in restitution. There is nothing in the record at bar that warrants the amendment of defendant's judgment. Defendant's monthly FRP payments are calculated based on how much money she earns and how much money others give to her. Defendant controls how much money is used to calculate her monthly FRP payment.

10. Moreover, any changes that the BOP has made to restitution calculations for inmates incarcerated within the Ninth Circuit, are inapplicable to defendant since she is incarcerated in a facility located within the jurisdiction of the United States Court of Appeals for the Fourth Circuit. Likewise, this court is not bound by any decisions issued by the Court of Appeals for the Ninth Circuit

11. **Conclusion.** Based on the above analysis, defendant's motions to amend the judgment are denied. An order shall issue.

_____
United States District Judge